765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Dinardi, Sr., Petitioner-Appellant,
v.
United States of America, Respondent-Appellee.
 No. 84-1765
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 DiNardi requests in forma pauperis status on appeal from the district court's denial of his motion to vacate. 28 U.S.C. Sec. 2255. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 DiNardi was convicted by a Detroit, Michigan jury of conspiracy to manufacture and possess counterfeit money and possession of counterfeit money. 18 U.S.C. Secs. 371, 472. He received concurrent five and ten year terms of imprisonment. His conviction was affirmed on appeal to this Court, and the Supreme Court denied certiorari.
 
 
 3
 DiNardi's motion raises three issues: ineffective assistance of counsel, prosecutorial misconduct, and use of an invalid conviction at sentencing. The district court held that all of these issues could have been raised on direct appeal or during one of DiNardi's post-conviction relief proceedings. Because DiNardi had failed to show cause and prejudice, the district court held that consideration of these issues was barred. United States v. Frady, 456 U.S. 152, 167-68 (1982). We agree with this holding of the district court.
 
 
 4
 As an alternate holding, the district court ruled that all of DiNardi's issues were without merit. The district court held that DiNardi's counsel was not ineffective for failing to raise the issue of DiNardi's incompetence to stand trial due to drugs or for failing to present the testimony of two co-conspirators. Dusky v. United States, 362 U.S. 402, 402 (1960); Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052, 2065 and 2068 (1984). Concerning the second issue, the court held that it was clearly proper to display the counterfeit money to the jury in a case involving possession of the money. So there was no prosecutorial misconduct. Finally, the district court held that it did not rely upon DiNardi's record when imposing sentence, so there was no abuse of its discretion during sentencing. United States v. Tucker, 404 U.S. 443, 446 (1972). We also agree with these holdings of the district court.
 
 
 5
 The motion to proceed in forma pauperis is granted. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.